**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OFKENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:09-CV-38**

JAMES NOFFSINGER                                                    PLAINTIFF

v.

UNITED STATES OF AMERICA                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Compel (Docket #16).  The

government has responded (Docket #18).  Plaintiff has not replied.  For the following reasons,

Plaintiff's motion is DENIED.

**BACKGROUND**

Plaintiff James Noffsinger filed suit in this Court on March 6, 2009, alleging that a

United States Military helicopter came too close to Plaintiff's pontoon boat on Lake Barkley,

causing injury to Plaintiff and damage to the boat.  Plaintiff seeks $250,000.00 in damages, costs

and attorneys' fees.  This matter is currently set for a bench trial on April 20, 2011.

Plaintiff served the United States with five requests for admissions.  The United States

served its responses and objections on December 1, 2010.  Plaintiff now seeks to compel further

answers to the government's responses.  To aid in the Court's analysis, the requests for

admissions, objections, and responses are as follows:

> 1.      On July 27, 2006 a helicopter is shown in the cockpit data recorded data
>         video dated July 27, 2006, earlier supplied to the Plaintiff, flew over the
>         waters of Lake Barkley.
>
> **OBJECTION:** This request is not reasonably likely to lead to admissible
> evidence.  The video that is the subject of these requests for admissions was taken
> in a Chinook helicopter.  Plaintiff has testified that the helicopter he claims
> caused damage to his boat was not a Chinook.  Without waiving said objection,
> the United States responds in good faith as follows.

**RESPONSE:** It is admitted that a Chinook helicopter with a cockpit video dated July 27, 2006, temporarily flew over the waters of Lake Barkley for a short time.

2.      The same helicopter, according to the cockpit data video dated July 27, 2006, flew above the waters of Lake Barkley at an altitude of below 50 feet.

**OBJECTION:** This request is not reasonably likely to lead to admissible evidence.  The video that is the subject of these requests for admissions was taken in a Chinook helicopter.  Plaintiff has testified that the helicopter he claims caused damage to his boat was not a Chinook.  Without waiving said objection, the United States responds in good faith as follows.

**RESPONSE:** It is admitted that a Chinook helicopter hovered over an area of Lake Barkley at a height that at one point dropped below 50 feet and that a cockpit video, supplied to Plaintiff by the United States, records the event as occurring on July 27, 2006.  The video further demonstrates that the Chinook only lowered in a vertical drop to a height of just below 50 feet, but did not fly in any horizontal direction at such a height, but only hovered.

3.      The down draft from a helicopter, like the one shown in the cockpit video data dated July 27, 2006, would cause sufficient damage to a pontoon boat like the one the Plaintiff owned and operated on that day, if the helicopter came within 50 feet above the boat.

**OBJECTION:** This request is not reasonably likely to lead to admissible evidence.  The video that is the subject of these requests for admissions was taken in a Chinook helicopter.  Plaintiff has testified that the helicopter he claims caused damage to his boat was not a Chinook.  Furthermore, this request calls for speculation, is vague, and calls for an expert opinion.  Without waiving said objection, the United States responds in good faith as follows.

**RESPONSE:** Denied.

4.      The helicopter shown on the cockpit data video dated July 27, 2006 was owned by the United States Government and operated by an agent of the United States Government.

**OBJECTION:** This request is not reasonably likely to lead to admissible evidence.  The video that is the subject of these requests for admissions was taken in a Chinook helicopter.  Plaintiff has testified that the helicopter he claims caused damage to his boat was not a Chinook.  Without waiving said objection, the United States responds in good faith as follows.

**RESPONSE:** The United States admits that the Chinook helicopter depicted in the video dated July 27, 2006, was owned by the United States and was evidently operated by an employee of the United States and a contract worker.

5.       You have no evidence or proof that any of the damages to the Plaintiff's boat where [sic] caused by anything other than a helicopter owned by the United States Government.

**OBJECTION:** Plaintiff carries the burden of proving that a helicopter damaged his boat and that said helicopter was owned and operated by the United States on the day in question. The United States does not carry the burden of proving the non-existence of a claimed helicopter or that the claimed helicopter did not belong to the United States.

**RESPONSE:** Denied. There is no evidence in this case that the helicopter Plaintiff claims damaged his boat was owned or operated by the United States.

Def.'s Responses to Pl.'s Req. for Admissions, DN 16-1, p. 1-3.

## STANDARD

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). A party shall respond with a written answer or objection within thirty days of being served. FED. R. CIV. P. 36(a)(3). The Federal Rules dictate that an answer to a request for admission, if not admitted, "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4).

A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

FED. R. CIV. P. 36(a)(4). An objecting party must state the grounds for objection, and "must not

3

object solely on the ground that the request presents a genuine issue for trial." FED. R. CIV. P. 36(a)(5).

Pursuant to Federal Rule of Civil Procedure 36, a "party may move to determine the sufficiency of an answer or objection" to a request for admission. FED. R. CIV. P. 36(a)(6).

> Unless the court finds an objection justified, it must order than an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial.

FED. R. CIV. P. 36(a)(6). The Court applies Rule 37(a)(5) when considering an award of expenses. FED. R. CIV. P. 36(a)(6).

## DISCUSSION

Plaintiff's motion raises three objections: (1) Plaintiff contends that he never testified that the helicopter was not a Chinook, thus Defendant's objections on this ground must fail; (2) Defendant's response to Admission number three is insufficient and does not comply with Rule 36(a)(4); and (3) Defendant should be compelled to admit Admission number five.

## I.    Defendant's Objections

In its objections to the first four requests for admissions, Defendant states "Plaintiff has testified that the helicopter he claims caused damage to his boat was not a Chinook." Plaintiff now argues that this objection should be overruled because nowhere in Plaintiff's deposition does he say that the helicopter was not a Chinook. In response, Defendant notes that Plaintiff's description of the helicopter he claims caused him injury in no way fits the description of a Chinook helicopter.

The Court finds that Plaintiff's motion as to Defendant's objections that the helicopter

was not a Chinook should be denied.  First, there is evidence supporting Defendant's stated

position, even though Plaintiff may not have directly testified that the helicopter was not a

Chinook.  In addition, despite its objections, Defendant still answered all four requests for

admission in good faith.  The Court finds that this is sufficient.

**II.     Rule 36(a)(4)**

Next, Plaintiff believes Defendant's response to the third request for admission is

insufficient under Federal Rule of Civil Procedure 36(a)(4).  This Rule indicates that a party may

either "specifically deny" the request for admission *or* "state in detail why the answering party

cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  After noting its objections,

Defendant answered the third request for admission with "Denied."  "It is expected that denials

will be forthright, specific, and unconditional."  8B CHARLES ALAN WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE & PROCEDURE § 2260 (3d ed. 2010).  Defendant has specifically

and unconditionally denied the third request for admission.  The Court finds that this is a

sufficient response which satisfies Rule 36(a)(4).

**III.    Request for Admission Number Five**

Finally, Plaintiff asks the Court to compel Defendant to fully admit to the fifth request for

admission.  Plaintiff's brief states, "All the Plaintiff is asking is, does the Defendant have any

proof that the injuries to the Plaintiff and to his vessel was [sic] caused by anything other than a

helicopter owned by the Defendant, nothing more, nothing less."  Defendant counters by stating

that Plaintiff is attempting to shift the burden of proof to Defendant.

The Court denies Plaintiff's motion as to the fifth request for admission.  Defendant has

responded to the request for admission with a denial and explanation.  This is a sufficient

response.  The Court will not compel Defendant to answer differently.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel

is DENIED.